DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. Gregory Damm
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:15-CR-099-JCM-VCF |
| vs. | ) **PLEA AGREEMENT UNDER** |
| ROGER LINARES, | ) **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| Defendant. | ) |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and J. Gregory Damm, Assistant United States Attorney, the defendant Roger Linares, and the defendant's attorney, David R. Fischer, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

## I. SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and Roger Linares (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the criminal indictment returned by the grand jury on April 7, 2015:

<u>Count 1</u>: Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III. ELEMENTS OF THE OFFENSES

<u>Count 1</u>: The elements of Conspiracy to Defraud the United States under 18 U.S.C. § 371 are:

First, beginning on or about January 23, 2009, and ending on or about April 15, 2010, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the Internal Revenue Service by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after January 23, 2009, for the purpose of carrying out the conspiracy.

*See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.21 (2010 ed.)

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. ROGER LINARES was part owner of a tax preparation business, AMERICA SERVICES (AS). ROGER LINARES and his wife opened the business in October 2004. By 2010, AS had a total of eleven (11) business locations. They operated seven (7) locations in Las Vegas, NV; one (1) location in Mesquite, NV; two (2) locations in Salt Lake City, UT; and one (1) location in St. George, UT. ROGER LINARES and his wife registered the business under his wife's name, because ROGER LINARES did not become a United States citizen until the end of 2008 or the beginning of 2009. While the business was registered under his wife's name, ROGER LINARES actively participated in running the day to day operations from 2004 until early 2010.

2. The business established a large clientele consisting mostly of Hispanic individuals that spoke little or no English and possessed little tax knowledge. These clients entrusted ROGER LINARES, SERGIO ACOSTA, EVANGELINA DOMINGUEZ, DIEGO QUINTERO, as well as many other preparers at the business, to prepare complete and accurate federal income tax returns.

3. ROGER LINARES willfully aided and assisted in the preparation of at least 18 false federal individual income tax returns (Form 1040) for his clients, but without the clients' knowledge that the returns included false items. ROGER LINARES created and inflated itemized deductions on his client's tax returns. The false deductions included general sales taxes, charitable contributions, tax preparation fees, and unreimbursed employee business expenses. ROGER LINARES also prepared returns that included false dependent deductions which clients

4

were not entitled to utilize. The 18 fraudulent returns generated large refunds for ROGER LINARES' clients and caused a tax loss of $46,296 for the 2008 and 2009 tax years. ROGER LINARES prepared false income tax returns for some clients for both the 2008 and 2009 tax years.

4. SERGIO ACOSTA willfully aided and assisted in the preparation of at least 20 false federal individual income tax returns (Form 1 040) for his clients, but without the clients' knowledge that the returns included false items. SERGIO ACOSTA created and inflated itemized deductions on client's tax returns. The false deductions included general sales taxes, charitable contributions, tax preparation fees, and unreimbursed employee business expenses. SERGIO ACOSTA also prepared returns that included false dependent deductions which clients were not entitled to utilize. The 20 fraudulent returns generated large refunds for SERGIO ACOSTA'S clients and caused a tax loss of $46,369 for the 2008 and 2009 tax years. SERGIO ACOSTA prepared false income tax returns for some clients for both the 2008 and 2009 tax years.

5. The total tax loss for 2008 and 2009 tax returns prepared by ROGER LINARES, SERGIO ACOSTA, EVANGELINA DOMINGUEZ, and DIEGO QUINTERO is $181,818.

6. ROGER LINARES benefited from the large volume of customers, because he was part owner of the business and received a substantial portion of the proceeds. SERGIO ACOSTA was paid a commission and a percentage of the cost to prepare a client's tax return. SERGIO ACOSTA was not paid a percentage of the refund; however, the more returns prepared, the more money he earned. ROGER LINARES and SERGIO ACOSTA benefited from preparing the false tax returns, because clients generally had multiple returns prepared at AS over several years and/or referred family and friends due to the large refunds they received.

7. The business, AMERICA SERVICES, was identified as having a 98% refund rate and substantial unreimbursed employee business expenses and questionable dependents. The specific item method of proof was used in the investigation. The false returns were prepared using the cash method of accounting.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

Count 1: Conspiracy to Defraud the United States, 18 U.S.C. § 371

| | | |
|---|---|---|
| Base offense level - | 16 | U.S.G. § 2T1.1 & 2T4.1(F) Tax loss of more than $100,000 |
| Acceptance - | -2 | U.S.S.G. § 3E1.1(a) |
| Acceptance - | -1 | U.S.S.G. § 3E1.1(b) |
| Total Offense Level - | 13 | |

Sentencing guideline range:   12-18 months (Criminal History Category I)

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

      C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 14 (if two-level adjustment applies) or 13 (if two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for each offense is stated below.

Count 1:    Conspiracy to Defraud the United States, 18 U.S.C. § 371

8

The maximum penalty for violating 18 U.S.C § 371, is not more than five (5) years imprisonment, a fine of not more than $250,000, or both. 18 U.S.C. § 3571.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed three years. 18 U.S.C. § 3583. Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 5 years.

E. <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The United States reserve the right to recommend any sentencing within the Sentencing Guidelines range determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a

9

motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement, and may seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

## IX.   RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings.

## X.   FORFEITURE

There are no forfeiture provisions in this case.

## XI.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.   <u>Removal/Deportation Consequences</u>.   The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

///

///

///

## XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE  MAY 24 2016

J. Gregory Damm
Assistant United States Attorney

DATE 5/24/16

David R. Fischer, Esq.
Counsel for the Defendant

DATE 5/24/16

Roger Linares
Defendant

13